UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC JOSHUA MAPES and JENELLE-MACKENZIE KELLY-MAPES)<br><br>Plaintiffs,<br><br>v.<br><br>CABLE ONE d.b.a SPARKLIGHT,<br><br>Defendant. | Cause No. 2:22-cv-203-PPS-JEM |

## **OPINION AND ORDER**

Pro se plaintiffs, Eric-Joshua Mapes and Jenelle-Mackezie Kelly-Mapes, filed a complaint and a petition for leave to proceed *in forma pauperis*. [DE 1; DE 3.] In addition, Plaintiffs filed a request for disability accommodation [DE 4] and a motion to show just cause [DE 5]. The named defendant is Cable One d/b/a Sparklight, a cable company. [DE 1.]

For the reasons set forth below, Plaintiff's Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

## Discussion

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute . . . is

designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id*. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a)(1). Here, the request to proceed in district court without prepaying the filing fee is signed by both Plaintiffs, Eric Joshua Mapes and Jenelle-Mackenzie Kelly-Mapes, but it seems to detail only Mr. Mapes' financial status. Nevertheless, the motion establishes that Mr. Mapes is unable to prepay the filing fee.

Under the second inquiry, a court must look to the sufficiency of the complaint to determine whether it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on a defendant and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*,

2

722 F.3d 1014, 1027 (7th Cir. 2013). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe*, 196 F.3d at 783.

To state a claim, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing Plaintiffs' complaint, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in his favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

A document filed pro se is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The Mapes' complaint arises out of a dispute with their cable provider. The complaint alleges that around June 12, 2022, Plaintiffs contacted Sparklight's technical support because they were having speed issues with their modem (presumably they were having Internet difficulties). [DE 1 at 5.] Although a tech support person visited, they did not swap out their device, and Plaintiffs believe the person "used disabilities of Mr. Mapes to treat him less favorable." *Id.* Plaintiffs allege they are both disabled individuals, and that Mr. Mapes has hearing and speech disabilities. [*Id.* at 2, 9.] Over the course of the next few months, Plaintiffs had continuing problems with the speed of

3

their Internet, and they filed a complaint with the FCC on July 6, 2022. [*Id.* at 5.] They continued to have problems getting call backs from the cable company and were refused services. *Id.* Although they scheduled for a technician to come to their place on July 15, 2022, the provider never showed up. [*Id.* at 6.] Their Internet and modem device issues continued, and have not been fixed. *Id.*

The complaint articulates a cause of action under the Americans with Disabilities Act ("ADA"). Plaintiffs base their claims on Title III of the ADA, dealing with places of public accommodation. Section 42 U.S.C. § 12182(a) provides: "[n]o individual shall be discriminated on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Implicit in this complaint is Plaintiffs' belief that Cable One d/b/a Sparklight, a cable operator, is a place of public accommodation. However, this runs contrary to the plain language of the statute and its regulations.

The ADA specifically includes an exhaustive list of private entities that qualify as public accommodations. *See* 42 U.S.C. § 12181. This list includes, *inter alia*: inns, hotels (and other places of lodging), restaurants and bars, theatres and stadiums, grocery stores and other shopping center stores, laundromats, beauty places like a barber shop and spas, hospitals and professional offices of a health care provider, terminals or stations used for public transportation, museums and galleries, libraries, parks, zoos, schools, day care centers, gymnasiums, bowling alleys, golf courses, and other places of

4

exercise or recreation. 42 U.S.C. § 12181 (7). As the court in *Torres v. AT&T Broadband, LLC*, 158 F.Supp.2d 1035, 1037-38 (N.D. Cal. 2001), recognized, "[a] digital cable system is not analogous to any of these categories or examples. . . . the plaintiff's home cannot reasonably be classified as a place of *public* exhibition or entertainment. Thus, neither the digital cable system nor its on-screen channel menu can be considered a place of public accommodation within the meaning of the ADA." I concur with this analysis, and agree that a cable company does not fit into the ADA's definition of a covered public accommodation.

Finally, to the extent Plaintiffs refer to sections of the Indiana Code (such as section 35-42-2-2 for criminal recklessness and 35-45-2-1 for intimidation, and others [DE 1 at 7]), these are criminal statutes detailing charges that may be brought by the government against a perpetrator, not statutes providing a basis for a civil lawsuit in this court.

Although I would normally give a plaintiff an opportunity to amend his or her complaint before dismissing it, the Court may deny leave to amend where an amendment will be futile. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). In this case, an amendment will not correct the problems presented by Plaintiffs' claims, because ADA claims against Defendant are not authorized by that statute.

For these reasons, Plaintiffs' request to proceed without prepayment of fees is denied, and pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), the complaint [DE 1] is DISMISSED

without prejudice for failure to state a claim.

## Conclusion

For the aforementioned reasons, Plaintiffs' Request to Proceed in District Court Without Prepaying the Filing Fee [DE 3] is DENIED and the complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

ENTERED: August 11, 2022.

                                          /s/   Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT