UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ERIC JOSHUA MAPES and JENELLE-MACKENZIE KELLY-MAPES | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 2:22-cv-203-PPS-JEM |
| CABLE ONE d.b.a SPARKLIGHT, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Pro se plaintiffs, Eric-Joshua Mapes and Jenelle-Mackezie Kelly-Mapes, filed a Motion for Relief from a Judgment or order pursuant to Federal Rule of Civil Procedure 60(b). [DE 8.] According to Plaintiffs, the Court made several errors/mistakes in its order dated August 11, 2022 dismissing the case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. [DE 6.] I have reviewed the arguments Plaintiffs set forth in their motion for reconsideration carefully. However, I find there was no error in the order dismissing this case.

### Discussion

Although Plaintiffs indicate their motion is pursuant to Rule 60(b), there are really two ways for a court to analyze motions for reconsideration - under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (quotation marks and citation omitted). This is not such a case. Plaintiffs have failed to set forth any mistake, inadvertence, surprise, or

excusable neglect justifying relief from the order. Fed. R. Civ. P. 60(b)(1); *see also Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) ("[Plaintiff] based his motion for reconsideration on errors of law, a basis encompassed by Rule 59(e), not Rule 60(b)."). To the extent Plaintiffs argue it was an error for the Court to say Defendant is a cable company and not a broadband Internet service provider [DE 8 at 1], the Court notes that it did refer to Defendant Cable One doing business as Sparklight as a cable company in the order, but understands that it also provides Internet services. In fact, in the order, I note Plaintiffs were having Internet difficulties, they had speed issues with their modem, and "their Internet and modem device issues continued, and have not been fixed." [DE 6 at 3-4.] Therefore, there is no prejudicial error in referring to Defendant Cable One as a cable company since the Internet issues were addressed and discussed.

I really consider Plaintiffs' motion for reconsideration to be filed under Rule 59(e) "because it is a substantive motion for reconsideration of an appealable order filed within twenty-eight days of entry of that appealable order." *Grisson v. United States*, 2021 WL 325967, at * 1 n.1 (N.D. Ind. Feb. 1, 2021) (citing *Obriecht*, 517 F.3d at 493). Rule 59(e) has a slightly more liberal standard than Rule 60, requiring the moving party clearly establish a manifest error of law or an intervening change in the controlling law, or present newly discovered evidence. *See Cosgrove v. Bartolotta*, 159 F.3d 729, 732 (7th Cir. 1998). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect

2

of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). But of course a motion for reconsideration should not introduce new evidence that could have been presented earlier. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "Ultimately, a motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *McGrath v. Everest Nat'l Ins. Co.*, 668 F.Supp.2d 1085, 1110 (N.D. Ind. 2009) (quotation omitted).

Plaintiffs are disabled individuals who claim they were denied and interfered with accessing services of a place of public accommodation, in violation of the ADA. [DE 1 at 2.] The complaint, read together with the motion for consideration, indicate they had problems with their broadband Internet services from the only provider for their home. [DE 8 at 1; DE 1 at 4.] The complaint alleges that around June 12, 2022, Plaintiffs contacted Sparklight's technical support because they were having speed issues with their modem. [DE 1 at 5.] Although a tech support person visited, they did not swap out their device, and Plaintiffs believe the person "used disabilities of Mr. Mapes to treat him less favorably." *Id.* Plaintiffs allege they are both disabled individuals, and that Mr. Mapes has hearing and speech disabilities. [*Id.* at 2, 9.] Over the course of the next few months, Plaintiffs had continuing problems with the speed and intermittence of their Internet, and they filed a complaint with the FCC on July 6, 2022. [*Id.* at 5.] They continued to have problems getting call backs from Cable One and were refused services. *Id.* Although they scheduled for a technician to come to their

3

place on July 15, 2022, the provider never showed up. [*Id.* at 6.]  Their Internet and modem device issues continued, and have not been fixed.  *Id.*

The complaint articulates a cause of action under the Americans with Disabilities Act ("ADA").  Plaintiffs base their claims on Title III of the ADA, dealing with places of public accommodation.  Section 42 U.S.C. § 12182(a) provides: "[n]o individual shall be discriminated on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

I noted before that Plaintiffs believe that Cable One d/b/a Sparklight, a cable and Internet operator, is a place of public accommodation.  In their motion to reconsider, Plaintiffs claim that because they "leased a modem device," they should be covered under the ADA. [DE 8 at 2.]  However, Cable One is a private business, and as I noted before, it does not fit within the ADA's exhaustive list of private entities that qualify as public accommodations.  *See* 42 U.S.C. § 12181 (7) (including places like hotels, grocery stores, schools, and places of exercise or recreation).  42 U.S.C. § 12181 (7).

As I mentioned before, the closest analogous case is *Torres v. AT&T Broadband, LLC*, 158 F.Supp.2d 1035, 1037-38 (N.D. Cal. 2001), which recognized, "[a] digital cable system is not analogous to any of these categories or examples. . . . the plaintiff's home cannot reasonably be classified as a place of *public* exhibition or entertainment.  Thus,

4

neither the digital cable system nor its on-screen channel menu can be considered a place of public accommodation within the meaning of the ADA." I'll state again that I concur with this analysis, and agree that a cable and Internet company does not fit into the ADA's definition of a covered public accommodation. Neither does Plaintiff's home fit under the meaning of a place of public accommodation.

I am aware of the Seventh Circuit's more expansive view that "public accommodation" should not be interpreted "literally, as denoting a physical site." *Morgan v. Joint Admin. Bd., Ret. Plan of Pillsbury Co. & Am. Fed'n of Grain Millers, AFL-CIO-CLC*, 268 F.3d 456, 459 (7th Cir. 2001), but I still must abide by the plain language of the statute which delineates places of public accommodation.

Finally, as it relates to the ADA claim, I also considered whether the Mapes' claims fit under another title of the ADA. While Title IV relates to telecommunications, the Telecommunications Act of 1996 provides that "[n]othing in this section shall be construed to authorize any private right of action to enforce any requirement of this section or any regulation thereunder. The [Federal Communications] Commission shall have exclusive jurisdiction with respect to any complaint under this section." 47 U.S.C. § 255(f). So any claim under Title IV of the ADA is a nonstarter.

The Mapes received Internet access through Cable One and were their customers. The complaint indicated they were unhappy with the speed of the Internet, modem issues, technical support, and billing. Attached to the complaint was a letter from the Defendant to Mr. Mapes, indicating they attempted to respond to his concerns

5

regarding his service, including verifying download speeds at his location, but Mr. Mapes had been verbally abusive, including make threats of physical harm to customer service representatives. [DE 1 at 20.] According to the letter, the company intended to terminate the Mapes' service as of August 12, 2022, for the safety of its employees. [*Id.*] Respectfully, these seem more like claims for breach of contract which belong in state court.

Let me be clear that I am no way trying to disrespect the rights of disabled individuals. But this court is one of limited jurisdiction. *See Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Here, Plaintiffs indicate the basis of jurisdiction is federal question jurisdiction [DE 1-1], but for the reasons stated above, I have found that Plaintiffs have failed to state a proper claim under the ADA. It seems pretty clear that the gravamen of Plaintiffs' claim is based on the ADA. But if the Plaintiffs are also seeking to invoke the diversity jurisdiction of the court, there is simply insufficient information in the complaint to establish both the citizenship of the respective parties and the amount in controversy. Indeed, on the civil cover sheet, Plaintiffs checked that Plaintiffs and Defendant are both citizens of this state. *Id.* They do make a reference in passing in the complaint to diversity jurisdiction, but Plaintiffs only claim that Cable One D.B.A. Sparklight

6

"employs people from different states in their services and main Corporate HQ is in Arizona.)" [DE 1 at 1.]  Pursuant to 28 U.S.C. § 1332(c)(1), a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  The civil cover sheet and allegations in the complaint do not have sufficient information to establish diversity jurisdiction.

I remind Plaintiffs that dismissal of this case is *without prejudice*.  They are free to file a case in state court to address their dispute with the folks from Cable One.

## Conclusion

For the aforementioned reasons, the Motion for Relief from a Judgment or Order [DE 8] is DENIED.

SO ORDERED.

ENTERED: September 13, 2022.

                                               /s/   Philip P. Simon
                                               PHILIP P. SIMON, JUDGE
                                               UNITED STATES DISTRICT COURT